UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH AND                    )
GILA YOUSHEAI,                )
                Plaintiffs,   )
                              )    C.A. No. 04-11530-WGY
        v.                    )
                              )
MARTHA EMIR,                  )
                Defendant.    )

J.,ZOBEL,

## MEMORANDUM AND ORDER

For the reasons stated below, the request for a temporary restraining order is

denied and this action is remanded.

## BACKGROUND

On July 8, 2004, Martha Emir, a Section 8 housing voucher recipient, filed a

"Notice of Transfer," seeking to remove a state court eviction proceeding brought by her

landlords against her in Brookline/Dedham District Court to this Court under Sections

1441 and 1443. Emir appears to claim that her due process and equal protection rights

have been violated because her landlords allegedly refused to file replies and did not

name the Brockton Housing Authority or the Department of Housing and Urban

Development as defendants in the state court action. Notice, p. 1. She also asserts

that she filed counterclaims in the state court action based on alleged disability and

gender discrimination and sexual harassment, and complains about the merits of

several decisions of the state court. Id. at p. 1-5.

It appears that Emir has been ordered evicted from her apartment. She also

seeks a temporary restraining order to enjoin her eviction which is scheduled for July 9,

2004 at 11:00am. See Exhibits.

## ANALYSIS

### I.    Emir Has Not Alleged
A Sufficient Basis For Removal

Emir contends that she may remove this action pursuant to Sections 1441 and

1443 of title 28. Neither of these sections provides a basis for removal of this action.

Under 28 U.S.C. § 1447(c), this Court may examine a notice of removal to determine if

removal is proper. If it appears that this Court lacks subject-matter jurisdiction, the

Court must issue an order for summary remand. 28 U.S.C. § 1447(c); Adorno Enters.,

Inc. v. Federated Dep't. Stores, Inc., 629 F. Supp. 1565, 1567 (D. R.I. 1986) (§ 1447(c),

which authorizes court to dismiss for lack of subject-matter jurisdiction, requires district

court to act sua sponte where appropriate).

### A.  Section 1441

Section 1441 provides that defendants in

> any civil action brought in a State Court of which the district
> courts of the United States have original jurisdiction, may be
> removed by the defendant or the defendants, to the district
> court of the United States for the district and division
> embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

Only actions that could originally have been brought in federal district court may

be removed under Section 1441. Jefferson County v. Acker, 527 U.S. 423, 430-431

(1999); accord City of Boston v. Smith & Wesson, 66 F. Supp. 2d 246, 248 (D. Mass.

1999) (same). Thus, in order the state action to be removed under Section 1141, this

Court must either have (1) federal question or (2) diversity subject-matter jurisdiction

over them. See 28 U.S.C. § 1441; 28 U.S.C. § 1331 (federal question jurisdiction); 28

2

U.S.C. § 1332 (diversity jurisdiction).

      1.      Federal Question Jurisdiction Does Not Exist

"Federal question" cases are civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order for federal question jurisdiction to exist, a right or immunity created by the Constitution, a treaty, or some meaningful aspect of federal law that is claimed to provide the basis for bringing the state court case into the federal system by way of removal must be an essential element of the plaintiff's properly pleaded claim for relief. Caterpillar Inc. v. Williams, 482 U.S. 386, 391 (1987). Under this "well-pleaded complaint" rule, the federal question must be presented on the face of the plaintiff's complaint as it stands at the time the notice of removal is filed. See id.

Emir has not submitted the original complaint filed by plaintiffs as part of her notice of removal as required by Section 1446. 28 U.S.C. § 1446. However, it is clear from the documents submitted by plaintiff that no federal question is presented. Although Emir challenges the fairness of the proceedings in state court, her claims can only amount, at most, to defenses in the state court eviction proceedings, and cannot be considered in determining jurisdiction over the removal petition. Caterpillar, 482 U.S. at 393. Because no federal question exists, this Court does not have jurisdiction over the state court eviction proceeding under 28 U.S.C. § 1331. See Anderson v. Chamberlain, 134 F. Supp. 2d 156, 162 (D. Mass. 2001) (remanding case for lack of federal-question jurisdiction).

      2. Diversity Jurisdiction Does Not Exist

District courts also have original jurisdiction over civil actions between citizens of

3

different states in which the amount in controversy exceeds $75,000.  28 U.S.C. §

1332(a).  Diversity jurisdiction has two components:  (1) a dispute between citizens of

different states and (2) an amount in controversy in excess of $75,000.  28 U.S.C. §

1332(a).

Diversity of citizenship does not exist here because it appears that all of the

parties are citizens of Massachusetts.  Diversity jurisdiction requires complete diversity:

the citizenship of each plaintiff must be diverse from each defendant.  Caterpillar,519

U.S. at 69.  Because diversity jurisdiction does not exist, this Court does not have

diversity jurisdiction under 28 U.S.C. § 1332 and this action is not properly removable

under Section 1441.  Northeast Federal Credit Union v. Neves, 837 F.2d 531, 533 (1st

1988) (vacating and directing district court to dismiss, no diversity jurisdiction existed);

see Sopena v. Colejon Corp., 920 F. Supp. 259, 261 (D. P.R. 1996) (remanding, in

part, due to insufficient allegations of diversity); cf. Shamrock Oil & Gas Corp. v.

Sheets, 313 U.S. 100, 108 (1941) (removal statute is strictly construed).

B.  Section 1443

Section 1443 states that:

Any of the following civil actions or criminal prosecutions, commenced in a
State court may be removed by the defendant to the district court of the
United States for the district and division embracing the place wherein it is
pending:

(1) Against any person who is denied or cannot enforce in the courts of
such State a right under any law providing for the equal civil rights of
citizens of the United States, or of all persons within the jurisdiction
thereof;
(2) For any act under color of authority derived from any law providing for
equal rights, or for refusing to do any act on the ground that it would be
inconsistent with such law.

4

28 U.S.C. § 1443.

In order to remove an action under that Section 1443(1), a party must demonstrate that the right allegedly denied him (1) "arises under a federal law providing for specific civil rights stated in terms of racial equality" and that (2) he cannot enforce that specified civil right in state courts. Johnson v. Mississippi, 431 U.S. 213, 219 (1975) (citations omitted). Emir stumbles on the first prong of this test because she has not alleged that the rights at issue in the state court case are civil rights stated in terms of racial equality, as opposed to her counterclaims of disability, gender, and sexual discrimination, and she thus has not established that Section 1443(1) applies. Water's Edge Habitat, Inc. v. Pulipati, 837 F. Supp. 501, 504-505 (E.D.N.Y.1993) (tenants' claim that state court discriminated against them based on familial status did not arise under federal law providing for specific civil rights stated in terms of racial equality; challenged activity on its face must discriminate in terms of race); City of Greenwood v. Peacock, 384 U.S. 808, 832 (1966)(absent an unequivocal deprivation of a federal right in terms of racial equality, remedy for adverse verdict that denies a defendant's federal rights is appellate review, not removal); see also Holmes Group, Inc. v. Vornado Air Circulation, 535 U.S. 826, 831-832 (2002) (a counterclaim which appears as part of the defendant's answer cannot serve as the basis for federal question jurisdiction).

In order to remove an action under 1443(2), a party must be a federal officer or agent who is affirmatively executing duties under any federal law providing for equal civil rights. Peacock, 384 U.S. at 832. Because Emir does not allege, nor does she appear to be, a federal officer affirmatively executing duties under a federal equal civil rights law, she has not established that Section 1443(2) apples. See Peacock, 384

5

U.S. at 832.

II. The Request For Injunctive Relief

Because I am remanding this action for lack of subjective-matter jurisdiction,

Emir's request for a temporary restraining order must be denied.[1] Cf. Vasquez v. Reno,

233 F.3d 688, 697 (1st Cir. 2000) (district court ought not to have acted on the merits of

petition where court lacked jurisdiction); New Comm Wireless Servs., Inc. v. Sprintcom,

Inc., 287 F.3d 1, 13 (1st Cir. 2002) (request for injunctive relief may be denied for failing

to demonstrate a likelihood of success standing alone).

### CONCLUSION

ACCORDINGLY, this action is hereby REMANDED pursuant to 28 U.S.C. §

1447(c) to Brookline-Dedham District Court.

The Clerk is directed to send a certified copy of the record in this case to

Brookline-Dedham District Court and to enter on a separate document a final judgment

as follows: "This case is remanded to the court from which it was removed."

SO ORDERED.

Dated at Boston, Massachusetts, this 7th day of July, 2004.

WILLIAM G. YOUNG

---

[1] I note, as an aside, that plaintiff has not certified her efforts to notify defendants of this motion, a requirement of minimum due process, and this failure in and of itself, would be grounds for its denial. Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties).

6